IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| ALMONDO BAKER, | |
| Plaintiff, | ORDER |
| v. | 11-cv-852-wmc |
| SGT. SCHMIDT and SGT. MACKEY, | |
| Defendants. | |

---

State inmate Almondo Baker filed a civil rights complaint pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the La Crosse County Jail. After screening the complaint as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, this court denied Baker leave to proceed in an order entered on May 14, 2013, and dismissed the complaint for failure to state a claim upon which relief may be granted. On September 30, 2014, Baker filed a motion for relief from the judgment under Fed. R. Civ. P. 60(b). The motion must be denied for reasons set forth briefly below.

Under Rule 60(b), a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The court notes that Baker's motion under Rule 60(b) was filed more than a year after the case was dismissed. The federal rules dictate that a motion under Rule 60(b) must be made "within a reasonable time — and for reasons (1), (2), and (3) no more

than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Because Baker's motion was not filed within a reasonable time after the judgment was entered, the motion must be denied.

Alternatively, even assuming that the motion was timely, Baker does not show that he is entitled to relief. Baker argues, for example, that the underlying judgment is "void" because the court lacked authority to summarily dismiss the complaint without first authorizing service on the defendants. Baker is incorrect. The PLRA, which governs this case, requires a court to screen all complaints filed by prisoners and identify cognizable claims or dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Baker does not otherwise show that the underlying judgment is void for purposes of Fed. R. Civ. P. 60(b)(4).

Baker argues further that the court erred by dismissing the complaint without affording him an opportunity to amend. The court has considered a proposed amended complaint filed recently by Baker. (Dkt. # 15). The proposed amendment, however, does not cure the deficiencies outlined in the dismissal order or establish that dismissal was improper. *See Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988) (noting that district court should give opportunity to amend if it appears that "the absence of sufficient facts is simply the result of unskilled *pro se* pleading," but dismissal with prejudice under 28 U.S.C. § 1915 is appropriate where deficiencies in pleading cannot be cured by amendment). Baker does not otherwise demonstrate that he is entitled to relief from the judgment under Rule 60(b), which is not properly used to raise

contentions that could have been made in a timely appeal. *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009); *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 558 (7th Cir. 1996). Accordingly, Baker's motion will be denied.

ORDER

IT IS ORDERED that plaintiff Almondo Baker's motion for relief from the judgment (Dkt. # 17) is DENIED.

Entered this 28th day of October, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge